

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00128-CV

George Robert **DIETERT** II,
Appellant

v.

**UVALDE COUNTY APPRAISAL DISTRICT**,
Appellee

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 2018-04-32163-TX
Honorable Kelley Kimble, Judge Presiding

PER CURIAM

Sitting:     Adrian A. Spears II, Justice
             H. Todd McCray, Justice
             Velia J. Meza, Justice

Delivered and Filed: April 16, 2025

DISMISSED FOR LACK OF JURISDICTION

The trial court signed a final judgment on November 4, 2024. Appellant filed a timely motion for new trial on November 26, 2024. On January 24, 2024, the trial court denied appellant's motion for new trial.

Texas Rule of Procedure 26.1(a) provides that if any party files a motion for new trial, the notice of appeal must be filed within ninety days after the judgment is signed. *See* TEX. R. APP. P. 26.1(a). Because appellant timely filed a motion for new trial, his notice of appeal was due to be filed on February 3, 2024. A motion for extension of time to file the notice of appeal was due

on February 18, 2025. *See* TEX. R. APP. P. 26.3. However, appellant did not file his notice of appeal until February 24, 2025. Appellant did not file a motion for extension of time.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). But "once the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Id.* Because appellant did not file his notice of appeal within the fifteen-day grace period provided by Rule 26.3, we have no jurisdiction over this appeal. *See id*. We therefore ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. While appellant responded to our order, he has not shown that we have jurisdiction over this appeal. Therefore, we dismiss this appeal for lack of jurisdiction.


PER CURIAM